IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYDEL ALBERTO FIGUEREDO-CASTILLO,<br>A# 246-005-557,<br>Petitioner, | § | |
| v. | § | No. 3:26-CV-3519-L-BW |
| WARDEN, PRAIRIELAND DETENTION CENTER,<br>Respondent. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on October 8, 2026. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** the petition without prejudice.

## I. BACKGROUND

Raydel Alberto Figueredo-Castillo, a native and citizen of Cuba currently detained at Prairieland Detention Center ("PDC") in Alvarado, Texas, filed this habeas action pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (*See id.*) He names the warden of PDC as the respondent. (*See id.* at 1.)[2]

[1] By Special Order No. 3-251, this habeas case has been automatically referred to the undersigned magistrate judge for case management. (*See* Dkt. No. 1.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

The Court notes that, before Figueredo-Castillo's detention at PDC, he was detained by ICE at a detention facility within the Abilene Division of this Court, during which time he filed a § 2241 action challenging his immigration detention. *See Figueredo-Castillo v. Warden*, No. 1:26-CV-182-H, Dkt. No. 1 (N.D. Tex. Apr. 17, 2026). The Government filed a response to Figueredo-Castillo's amended § 2241 petition in that pending action, and Figueredo-Castillo did not file a reply.[3] *See id.*, Dkt. No. 17 (N.D. Tex. June 2, 2026).

In this action, Figueredo-Castillo states that he has been in immigration custody since late 2025, and that an immigration judge ordered his removal from the United States on April 28, 2026, which order Figueredo-Castillo appealed to the Board of Immigration Appeals ("BIA"). (*See* Dkt. No. 3 at 3; Dkt. No. 7 at 1-2.) Available online records of the Executive Office for Immigration Review ("EOIR"), of which the Court takes judicial notice, show that Figueredo-Castillo's appeal was dismissed on October 8, 2026. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited Oct. 22, 2026). Figueredo-Castillo asserts the following grounds for relief in his § 2241 petition:

> (1) Current custody lacks a disclosed and adequately supported legal basis;
>
> (2) Prolonged detention without any individualized custody hearing raises a substantial due-process claim; and

---

[3] Contrary to Figueredo-Castillo's statements otherwise, his habeas case remains pending in the Abilene Division as of the date of the undersigned's recommendation. (*See* Dkt. No. 3 at 2; Dkt. No. 7 at 2.)

> (3) Repeated transfers and returned legal mail impaired meaningful access to the Court.

(Dkt. No. 3 at 4-5.)

## II. MOOTNESS

"Article III of the Constitution limits . . . federal-court jurisdiction[] to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal citations and quotation marks omitted).

At the time Figueredo-Castillo filed this habeas action, he was not subject to an administratively final order of removal. (*See* Dkt. No. 3 at 3.) An order of removal in immigration proceedings becomes administratively final "upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47)(B); *see also Lopez Acosta v. Rosen*, 832 F. App'x 891, 891 (5th Cir. 2021). Here, Figueredo-Castillo's order of removal became administratively final on

October 8, 2026, when the BIA dismissed his appeal. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited Oct. 22, 2026).

By virtue of his administratively final order of removal, Figueredo-Castillo is now detained pursuant to 8 U.S.C. § 1231, pending his removal from the United States. *See Vetcher v. Barr*, 809 F. App'x 254, 255-56 (5th Cir. 2020) (holding that the authority of an immigration detainee's detention shifted to § 1231 "when he became subject to an administratively final removal order, namely the. . . BIA decision."). As a result, Figueredo-Castillo is not currently detained as an unadmitted alien under 8 U.S.C. § 1225 or subjected to pre-final-removal-order detention under 8 U.S.C. § 1226, which two provisions are implicated in the petition, along with § 1231.[4] (*See* Dkt. No. 3 at 2.) His detention challenges, whether under § 1225 or § 1226, are therefore moot. *See, e.g.*, *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Ndudzi v. Perez*, 509 F. Supp. 3d 943, 947-48 (S.D. Tex. 2020).

Regarding § 1231, even if the Court were to liberally construe Figueredo-Castillo's petition as challenging his current detention status, rather than his status at the time of filing, any challenge to his post-final-removal-order detention is premature. *See Zadvydas v. Davis*, 533 U.S. 678, 700-01 (2001) (recognizing a six-month "presumptively reasonable period of detention" following an administratively final order of removal); *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

[4] In his habeas action pending in Abilene, the Government indicated that Figueredo-Castillo was an unadmitted alien under § 1225. *See Figueredo-Castillo*, No. 1:26-CV-182-H, Dkt. No. 17 at 2 (N.D. Tex. June 2, 2026).

## III. CIVIL CLAIMS

Figueredo-Castillo's first and third grounds for relief include allegations relating to an alleged unavailability of various records and his lack of meaningful access to the Court or mail. (*See* Dkt. No. 3 at 4-5.) Such allegations challenge the conditions of his detention and do not specially challenge his custody; they therefore may not be raised in this habeas action. Accordingly, the Court should dismiss any allegations from Figueredo-Castillo challenging the conditions of his detention without prejudice to his raising them in a separate civil action. Should he pursue a separate civil action, he will be required to either pay the applicable filing and administrative fees for a non-habeas civil action or submit an appropriate application to proceed in forma pauperis.

## IV. RECOMMENDATION

The Court should **DISMISS** the habeas claims in the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on October 8, 2026 (Dkt. No. 3), without prejudice as moot. The Court should **DISMISS** any non-habeas civil claims without prejudice to Figueredo-Castillo's raising them in a separate civil action.

**SO RECOMMENDED** on October 22, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).