IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RAYDEL ALBERTO FIGUEREDO-CASTILLO,**<br><br>Petitioner,<br><br>v.<br><br>**WARDEN, PRAIRIELAND DETENTION CENTER,**<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **3:26-CV-3519-L-BW** |

**ORDER**

On October 22, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 8) was entered, recommending that the court dismiss without prejudice as moot this habeas case brought pursuant to 28 U.S.C. § 2241 because:

> By virtue of his administratively final order of removal, Figueredo-Castillo is now detained pursuant to 8 U.S.C. § 1231, pending his removal from the United States. *See Vetcher v. Barr*, 809 F. App'x 254, 255-56 (5th Cir. 2020) (holding that the authority of an immigration detainee's detention shifted to § 1231 "when he became subject to an administratively final removal order, namely the. . . BIA decision."). As a result, Figueredo-Castillo is not currently detained as an unadmitted alien under 8 U.S.C. § 1225 or subjected to pre-final-removal-order detention under 8 U.S.C. § 1226, which two provisions are implicated in the petition, along with § 1231. (*See* Dkt. No. 3 at 2.) His detention challenges, whether under § 1225 or § 1226, are therefore moot. *See, e.g., Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)[.]

Doc. 8 at 4 (footnote and citation omitted). The magistrate further determined that, even liberally construing Petitioner's habeas petition as challenging his current detention status rather than his status when he filed his petition, any challenge to his post-final-removal-order is premature. No objections to the Report were filed, and the 14-day deadline for doing so has expired.

Having considered the habeas petition, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice as moot** the section 2241 Petition and this action. Alternatively, even liberally construing Petitioner's habeas petition as challenging his current detention status rather than his status when he filed his petition, any challenge to his post-final-removal-order is premature.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability,[*] as it determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the applicable appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 9th day of November, 2026.

Sam A. Lindsay
United States District Judge